**TOWER LEGAL GROUP, P.C.**
James A. Clark (SBN 278372)
 james.clark@towerlegalgroup.com
Renee P. Ortega (SBN 283441)
 renee.parras@towerlegalgroup.com
Ariel A. Pytel (SBN 328917)
 ariel.pytel@towerlegalgroup.com
11335 Gold Express Drive, Suite 105
Sacramento, CA 95670
Tel:  (916) 361-6009| Fax: (916) 361-6019

**CHRISTINA HUMPHREY LAW, P.C.**
Christina A. Humphrey (SBN 226326)
  christina@chumphreylaw.com
591 Telegraph Canyon Rd, #376
Chula Vista, CA 91910
Tel:(805) 618-2924 | Fax:(805) 618-2939

Attorneys for Plaintiff
JOCELYNN CADENAS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOCELYNN CADENAS,<br><br>            Plaintiff,<br><br>     v.<br><br>INSOMNIA COOKIES, LLC, a Delaware Corporation; and DOES 1-10, inclusive,<br><br>            Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. Violation of California Labor Code 1102.5;<br>2. Wrongful Constructive Termination in Violation of Public Policy; and<br>3. Negligent Supervision, Training, Hiring and Retention.<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Jocelynn Cadenas alleges:

## PARTIES

1. Plaintiff Cadenas (referred to as "Cadenas" or "Plaintiff" or "Plaintiff Cadenas") is an adult natural person who is and was at all times mentioned a resident of the State of California, and employed by Defendants in the County of Sacramento.

2. Defendant Insomnia Cookies, LLC ("Defendant" or Defendant Insomnia"), was at all times material to this Complaint, an employer of Plaintiff, doing business in the County of Sacramento, and is an entity subject to suit before this Court.

3. DOES 1-10 are sued under fictitious names. Their true names and capacities are unknown to Plaintiff. Plaintiff alleges on information and belief that DOES 1-25 are entities of unknown form who were the employers of the Plaintiff. They are also individuals who committed the torts alleged against Plaintiff. The true names and capacities, whether individual, corporate, associate, agency, or otherwise, of DOES 1-25, inclusive, are unknown to Plaintiff, who therefore sues the DOE Defendants by fictitious names. Plaintiff will amend this complaint to show their true names and capacities when they have been ascertained.

4. For the purposes of this Complaint, the terms "Defendant" and/or "Defendant Insomnia" and/or "DOES 1-10" will be collectively referred to as "Defendants."

5. Plaintiff alleges on information and belief that there exists, and, at all times relevant to this Complaint, existed a unity of interests between the Defendants such that any individuality and separateness between these Defendants has ceased, and these Defendants are the alter ego of the other Defendants and extend control over each other. Adherence to the fiction of the separate existence of these Defendants as an entity distinct from other Defendants will permit an abuse of the corporate privilege and would sanction fraud and/or promote injustice.

6. Plaintiff alleges on information and belief that the fictitiously named Defendants were the agents, servants, and employees of Defendants and, in doing the acts and things alleged in this Complaint, were at all times acting within the course and scope of said agency, servitude, and employment and with the permission, consent, and approval or subsequent ratification of the named Defendants.

7. Plaintiff alleges on information and belief that at all times mentioned in this Complaint, Defendants were the agents and employees of their co-defendants, and in doing the things alleged in this Complaint were acting within the scope of such agency and employment and acted in such a manner as to ratify the conduct of their co-Defendants.

8. Plaintiff alleges on information and belief that Defendants constituted an "integrated enterprise" and "integrated employers" with interrelated operations, common management, centralized control of labor relations, and common ownership and/or financial control. Plaintiff also alleges that the Defendants were, at all times relevant hereto, the alter egos and/or the agents of each other. Whenever reference is made to the Defendants, it is intended to include the named Defendants as well as all of the DOE Defendants. Each of the fictitiously named DOE Defendants is responsible in some manner for the occurrences alleged and proximately caused Plaintiff's damages.

**VENUE AND JURISDICTION**

9. Venue is proper because Plaintiff worked for Defendants in the County of Sacramento, State of California, and because all Defendants were doing business in the County of Sacramento, State of California, and that Sacramento County is where Defendants' records relevant to the alleged unlawful practices are maintained and administered. Venue is also proper because the wrongful conduct that is alleged in this Complaint took place in the County of Sacramento.

10. Venue is also proper due to this action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. section 1332(a), as Plaintiff and Defendant are citizens of different states. Plaintiff is a citizen of California, and Defendant is a citizen of the State of Delaware. In addition, the amount in controversy exceeds $75,000.00.

**FACTS COMMON TO ALL CAUSES OF ACTION**

11. Plaintiff was employed by Defendants from September of 2019 through her termination on or about January 1, 2021.

12. During her employment, Plaintiff held the title of Store Operations Manager and earned approximately $17.65 per hour.

13. Plaintiff's roles and responsibilities included, but not limited to, stocking shelves, assembling product, and assisting customers with orders.

14. In March of 2020, Defendants implemented an unlawful policy for all employees, including Plaintiff, which included eliminating rest breaks and meal breaks. If employees attempted to take rest breaks, it would be interrupted due to customer demands. Plaintiff reported the unlawful policy to her direct manager, and requested additional staffing to ensure compliance with rest and meal periods.

15. In November of 2020, Plaintiff continued to report the unlawful policy of eliminating rest and meal periods was too demanding upon herseld and co-workers. Plaintiff's Manager and Director indicated to Plaintiff she should resign her employment if Plaintiff continued reporting unlawful violations of rest and meal periods.

16. Plaintiff reasonably believed this unlawful rest and meal policy to violate a state or federal statute, including, but not limited to, the California Industrial Welfare Commissions standards and orders. Plaintiff reported this violation to Defendants.

17. After reporting the violations to Defendants, Defendants retaliated against Plaintiff by shunning her, and demonstrating volatile non-verbal communications regarding her demands of rest and meal periods.

18. During Plaintiff's employment, she had no major performance deficiencies.

19. On or about January 1, 2021, Plaintiff was forced to constructively terminate her employment due to the working conditions becoming so intolerable.

20. Plaintiff now timely brings this civil action.

**FIRST CAUSE OF ACTION**
**Whistleblower Protection**
**Violation of Cal Lab. Code §§ 1102.5**
**(Against All Defendants)**

21. By this reference, Plaintiff hereby incorporates each and every paragraph set forth above as though fully set forth at this place.

22. Labor Code Section 1102.5 (a) provides, in part, An employer, or any person acting on behalf of the employer, shall not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency, to a person with authority over the employee, or to another employee who has authority to investigate, discover, or correct the violation or noncompliance, or from providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

23. Labor Code Section 1102.5 (b) provides, in part, that an employer shall not retaliate against any employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a person with authority over the employee or another employee who was the authority to investigate, discover, or correct the violation or noncompliance, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, regardless of whether disclosing the information is part of the employees job duties. Labor Code section 1102.5 (c) provides, in part, an employer, or any person acting on behalf of the employer, shall not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

24. The California Industrial Welfare Commission ("CIWC") requires rest and meal periods for California employees.

25. The Occupational Safety and Health Administration ("OSHA") requires reasonable restroom breaks outside of mandated rest breaks and meal breaks.

26. Defendants implemented an unlawful policy of eliminating reasonable restroom breaks, rest periods, and meal periods.

27. Plaintiff reported to Defendants her reasonable belief that eliminating rest periods or meal periods to be a violation of law.

28. Defendants retaliated against Plaintiff for reporting her belief the company policy violated laws.

29. As a result, Plaintiff was harmed.

30. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

31. Defendant deprived Plaintiff of his right to report wrongful activity to a person with authority over the employee or another employee who was the authority to investigate, discover, or correct the violation or noncompliance without retaliation and/or termination. Therefore, Plaintiff is entitled to recover permissible damages, penalties, attorney's fees and costs.

32. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered special damages, including, but not limited to, past and future loss of income, benefits, and other damages to be proven at time of trial.

33. As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered general damages, including, but not limited to, shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other damages to be proven at the time of trial.

34. The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of each of the Defendants who were acting at all times relevant to this Complaint within the scope and course of their employment. Defendants are liable for the conduct of said agents and employees under the doctrine of strict liability.

35. In committing the foregoing acts, Defendants were guilty of oppression, fraud, and malice, and, in addition to the actual damages caused thereby, Plaintiff is entitled to recover damages for the sake of example and by way of punishing Defendants.

36. Wherefore, Plaintiff prays for judgment as set forth below.

### SECOND CAUSE OF ACTION
### WRONGFUL CONSTRUCTIVE TERMINATION
### IN VIOLATION OF CALIFORNIA PUBLIC POLICY
(Against All Defendants)

37. Plaintiff refers to and incorporates by reference all facts alleged in the preceding paragraphs as though fully stated here.

38.     At all times relevant to this Complaint, California Industrial Welfare Commission ("CIWC") and Occupational Health and Safety Administration ("OSHA") standards applied to Defendants.

39.     Defendants violated California public policy by constructively terminating Plaintiff's employment because of her reporting reasonable beliefs of violations of state and federal laws. The termination was in violation of fundamental, substantial public policies of this state, including, but not limited to the CIWC and OSHA.

40.     The conditions became so intolerable that a reasonable person in Plaintiff's position would have had no reasonable alternative to resign.

41.     Plaintiff resigned because of the intolerable conditions.

42.     Plaintiff was harmed by the loss of employment.

43.     As a proximate result of Defendants' wrongful conduct, Plaintiff has suffered actual, consequential, and incidental damages, including without limitation, loss of regular employment and loss of career advancement opportunities in an amount subject to proof at trial.

44.     As a direct, foreseeable, and proximate result of Defendants' wrongful conduct, Plaintiff has suffered, and continues to suffer, substantial earnings and job benefits, in addition to humiliation, embarrassment, and mental and emotional distress in an amount exceeding jurisdictional limits, the precise amount of which is subject to proof at trial.

45.     Defendants' acts were committed maliciously, fraudulently, and oppressively, with the wrongful intention of harming Plaintiff. Therefore, Plaintiff is entitled to punitive damages in amount subject to proof at trial.

46.     Defendants' wrongful conduct has also necessitated the retention of legal counsel to pursue Plaintiff's claims, the costs of which should be borne by Defendants.

47.     Wherefore, Plaintiff prays for judgment as set forth below.

//

//

//

//

### THIRD CAUSE OF ACTION
### NEGLIGENT SUPERVISION, TRAINING, HIRING AND RETENTION
### Against All Defendants

48. By this reference, Plaintiff hereby incorporates each and every paragraph set forth above as though fully set forth at this place.

49. Under California law, Defendants had a duty to hire, supervise, train and retain employees and/or agents, and to develop and maintain appropriate policies and procedures, so that employees and/or agents refrained from the conduct and/or omissions alleged herein.

50. Defendants ratified the conduct of their supervisor by continuing to employ managers and Directors while knowing of her unlawful policies regarding rest periods and meal periods.

51. Defendants breached this duty, causing the acts and failures alleged herein. Such breach constituted negligent hiring, supervision, training, and retention under the laws of the State of California.

52. As a direct and proximate result of Defendants unlawful conduct, Plaintiff has suffered and will continue to suffer pain and suffering; anxiety; embarrassment; humiliation; loss of self-esteem; depression; severe mental anguish and emotional distress; and loss of earnings and other employment benefits. Plaintiff is entitled to general and compensatory damages in an amount according to proof at trial.

53. Defendants breach was a substantial factor in causing Plaintiff's harm.

54. Wherefore, Plaintiff prays for judgment as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For all actual, consequential, and incidental financial losses, including but not limited to, loss of earnings and employment benefits, together with prejudgment interest, according to proof;

2. For compensatory, general, and special damages, including back pay and front pay, in an amount according to proof;

3. For statutory attorneys' fees;

4.      For prejudgment and post-judgment interest according to any applicable provision of law, according to proof;

5.      For costs of suit;

6.      For punitive damages;

7.      For expert witness fees; and

8.      For such other and further relief as the Court may deem just and proper.

DATED:  August 10, 2021          **TOWER LEGAL GROUP, P.C.**

By: _____
    JAMES A. CLARK
    Attorneys for Plaintiff, Cadenas

## **DEMAND FOR JURY TRIAL**

Plaintiff Cadenas hereby demands trial by jury.

DATED:  August 10, 2021          **TOWER LEGAL GROUP, P.C.**

By: _____
    JAMES A. CLARK
    Attorneys for Plaintiff, Cadenas